**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye St., NW, Suite 800<br>Washington, DC 20006,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Ave., NW<br>Washington, DC 20224,<br><br>Defendant. | ) | Civil Action No. 17-993 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records relating to the Internal Revenue Service's (”IRS”) determination that its proposed rule on the valuation of interests in closely held partnerships and corporations for estate-tax purposes does not require analysis under the Regulatory Flexibility Act ("RFA").[1]

2. CoA Institute submitted a FOIA request seeking access to records revealing the "process for determining and supporting" the IRS's position. Ex. 1 at 2. The IRS produced no records responsive to several items of the request and denied CoA Institute's appeal challenging the sufficiency of the search.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

---

[1] *See* Estate, Gift, and Generation-Skipping Transfer Taxes; Restrictions on Liquidation of an Interest, 81 Fed. Reg. 51,413 (Aug. 4, 2016) (to be codified at 26 C.F.R. pt. 25).

**PARTIES**

5. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

6. The IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

**FACTS**

7. By letter, dated November 3, 2016, CoA Institute sent a FOIA request to the IRS seeking access to records related to, *inter alia*, the IRS's position that its proposed rule on Section 2704 did not require analysis under the RFA (Items 3 and 4). Ex. 1 at 2. The request also sought any communications with the White House related to the proposed rule (Item 6). *Id.*

8. CoA Institute sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes. *Id.* at 2–4.

9. By letter, dated March 17, 2017, the IRS issued a final determination on the request, which it had assigned case number F17313-0108. Ex. 2. The IRS stated its determination was "a full grant of [the] request." *Id.* at 2.

10. The determination letter was accompanied by eleven records responsive to other items of the request, but none related to the IRS's determination that the proposed rule would not have a "significant economic impact" (Item 3), that any impact would be caused by operation of the statute and not the IRS's rule (Item 4), or communications with the White House (Item 6).

11. The IRS did produce a completed Regulatory Flexibility Act Checklist indicting that the agency believed that the RFA did not apply. But it did not produce any records indicating the "process for determining and supporting" that position, which was the subject of CoA Institute's request. Ex. 1.

12. The IRS did not make a determination on CoA Institute's fee waiver or fee categorization request. Ex. 2. The IRS did not charge any fees.

13. On March 29, 2017, CoA Institute filed an administrative appeal, arguing that the IRS had failed to conduct an adequate search for records responsive to Items 3, 4, and 6 of the request or state that there are no records responsive to the request. Ex. 3.

14. On May 16, 2017, the IRS denied the appeal, finding that its response was appropriate. Ex. 4.

15. In its denial letter, the IRS Appeals Office indicated that it had reviewed "the documents withheld." *Id*. The IRS final determination letter, however, had made no mention of any records withheld. *See* Ex. 2.

**COUNT 1**

**Violation of the FOIA: Failure to Conduct an Adequate Search**

16. CoA Institute repeats all of the above paragraphs.

17. In response to a FOIA request, agencies must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

18. The IRS has failed to perform a search reasonably expected to produce records responsive to Items 3, 4, and 6 of the request.

19. CoA Institute has exhausted its administrative remedies.

## COUNT 2

## Violation of the FOIA: Failure to Disclose Basis for Withholding Records

20. The FOIA requires agencies to disclose the number of records being withheld and the basis for the withholding. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (citing 5 U.S.C. § 552(a)(6)(A)(i)).

21. The IRS final determination letter did not state that the agency had identified responsive records but was withholding them. Ex. 2 ("This is a full grant of your request.").

22. The IRS Appeals Office, however, stated that it had reviewed "the documents withheld." Ex. 3.

23. The IRS has failed to identify how many records have been withheld or the basis for the withholding.

## RELIEF REQUESTED

WHEREFORE, Plaintiff CoA Institute respectfully requests and prays that this Court:

a. order the IRS to conduct a search reasonably likely to determine whether there are records responsive to Items 3, 4, and 6 of the request within twenty (20) business days of the date of the Order;

b. order the IRS to disclose the true number of records responsive to the request and any basis for withholding any records;

c. order the IRS to produce all responsive, non-exempt records promptly;

d. award CoA Institute its costs and reasonable attorney fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. grant such other relief as the Court may deem just and proper.

Date: May 24, 2017

Respectfully submitted,

/s/ R. James Valvo, III
R. James Valvo, III (D.C. Bar No. 1017390)
Lee A. Steven (D.C. Bar No. 468543)

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
james.valvo@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff*